Hempiiill, Ch. J.
The principal point presented by this record, and the only one which I shall consider, is that which questions the validity of the plaintiff's title.
The evidences of his title consist in a location and survey of a conditional headright certificate issued to one Roger McConn, which certificate was purchased by the plaintiff, Joseph O. Hart, at a public sale of the effects belonging to the estate of the said McCoun, who had departed this life. The sale" was made by order of the Probate Court; and if that court bad authority to direct the sale of a conditional certificate, then, in the language of the court confirming the sale, all the right, claim, and interest which tho'said McCoun liad in the certificate in his lifetime was vested in Hart, the purchaser. But if the court acted without authority, then the sale and title were void and conferred no right.
That the conditional certificate of McConn constituted in a limited sense a portion of his succession, may be admitted; but it is very olear that it was incapable of conversion into a fund which could be applied by file administrator, with or without the sanction of the court, to the payment of the debts of the deceased.
This certificate was issued under the act of the 4th January, 1839, (art. 1924,) ■ which grants to heads of families six hundred and forty aeres of land, conditioned that the grantee and his or her fainilj' shall reside within the *221 ■republic and perform llie duties of citizens for tlio term of three years, after which lie. or iiis legal representatives shall receive from llie government an unconditional deed for the said laúd : provided that no sale of said claim to laud by the individual entitled to hold the same shall be valid in law and binding upon the person selling- the same until an unconditional deed'shall be obtained by the grantee for the said land. The effect of this proviso is to impose upon the grantee the disability of concluding himself by a sale of his conditional certiiieate and consequently to place it during- his life beyond the reach of legal process, at the instance and for the benefit of his creditors. Its sale could not be enforced under execution or by special decree, nor by attachment for refusal to deliver it up, as the law would not direct a sale which could confer no right on the purchaser.
If it were sold voluntarily by the grantee in discharge of his debts, if it were received in payment of a claim, and however valuable or good may be the consideration, yet the sale is not binding on the grantee.
If the certiiieate had been located and surveyed by the purchaser the vendor may appropriate the location to himself or he may locate it elsewhere. The purchaser lies no authority to apply for and receive the unconditional certificate in his own name. That is issuable only to the grantee. He may, at his pleasure, ratify (lie former sale and transfer the unconditional certificate to the purchaser; or lie may disavow it, retain both certificates and the survey to himself or select from some other porlion of the public domain. What equities the purchaser (where the sale is disaffirmed) may have for charges of location, or what right fo substitute other certificates in place of the one reclaimed by his vendor, or wliat right the purchaser of a conditional certificate lias in lands located and surveyed on the same as against other persons than the grantee himself, where the grantee is still living and is capable, if it be his pleasure, to ratify and confirm the sale, are important questions, but they are not before us in tlio present ease, and need not be considered.
But the sale, in this ease was not made in the lifetime of the grantee; and it is not only invalid in itself, but is incapable of such affirmance as would give a substantial right either by tlio court which decreed it, or the administrator who official oil at the sale, or any one who may succeed him in the representation of tlio estate. Although the grantee in his lifetime may ratify his invalid sales and make them good, yet an administrator has no such absolute control and rights of disposition as belonged to his intestate. lie cannot act at all — he cannot sell — without the authority of the court; and the court cannot empower him to sell, for the payment of a debt, that which no court during the lifetime of the intestate could have required to be sold.
The restrict ions upon alienation do not depend upon the life of the grantee. His death does not disencumber the grant. They are permanently attached to the grant as long as it retains its conditional character. And although if sold during llie lifetime of the grantee, the sale may by subsequent ratification and transfer of the unconditional certificate become available to the purchaser, yet this can never be if sold after his death. For by whom is the sale to be ratified ? Hot by the administrator, for lie lias no such power. If the unconditional certificate were subsequently issued to him aud not to the heirs, he could not assign it to the purchaser either with or without the sanction of the •court. If the''grantee were alive the purchaser under the law could sot up no claim to the unconditional certificate even if the sale had been voluntarily made by the grantee, much less conld he claim if the sale had been unlawfully forced under color of legal process. The purchaser after death can have no better or higher claim than if made during- the life of the beneficiary of the grant. If the unconditional certificate when obtained after death becomes ■subject to the debts of the deceased, the purchaser of the conditional certificate, if lie be a creditor at all, has no preference claim over other creditors, *222 He cannot claim its exclusive appropriation to himself. He has no title trailer his purchase, and he cannot claim, nor has the administrator or the court the power to divert the unconditional grant from the due course of administration and transfer it to the purchaser of the conditional certificate. The purchaser cannot procure a patent on his title. lie cannot hy law require the administrator or the heirs who may hold the unconditional certificate to transfer the same to him, and the administrator cannot do it voluntarily, nor can he compel the heirs to whom the patent may have issued to hold tiie land in trust for him or transfer the same hy competent assurances.
A title so flimsy and unsubstantial, so devoid of legal substance, so wanting in every element which can give present strength or afford a substantial basis for future aid, which lias no subsisting energy and can never be invigorated by the court or administrator under whom the sale was made or by any succeeding administrator on the basis of the sale itself, is not such title as can support an action for the recovery of real estate, or empower a' claimant to eject an adverse possession.
The title of the plaintiff was disclosed by the amended petition, and as it was defective on its face, the demurrer of the defendant should have been sustained; but it was overruled, and in this there was error. The judgment is reversed, and the cause dismissed from the District Court.
Reversed and dismissed.
Note 82. — Newman v. Dallas, 20 T., 438.